# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CURTIS L. WINN, #183765,

    Petitioner,

v.                                ACTION NO. 2:09cv510

GENE M. JOHNSON,
Director of the Virginia
Department of Corrections

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for a writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Curtis L. Winn ("Winn") was convicted in the Circuit Courts for the Counties of Henrico and Chesterfield, as well as the Circuit Court for the City of Richmond for various crimes including forgery, uttering, fraud, and petty larceny. Winn was sentenced to a total of 27 years, 46 months, and 40 days. Winn is presently serving his term of imprisonment in the James River Correctional Center. As of the date of his last discretionary parole release, February 28, 2003, Winn had 11 years, 4 months, and 16 days of imprisonment remaining to be served. On April 8, 2008, Winn's parole was revoked for the third time and he was returned to the custody of the Virginia

Department of Corrections. (Resp't Br. Mot. to Dismiss, Ex. 3 at 17.)

Winn filed a habeas petition in the Supreme Court of Virginia, contending that the parole board and Department of Corrections violated his due process rights when they wrongfully enhanced his term of incarceration by reactivating previously completed sentences. The Supreme Court of Virginia refused and dismissed the petition on September 15, 2009. Winn then filed a petition for rehearing, which was denied on November 12, 2009.

Winn filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 13, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss on December 17, 2009. Accordingly, the matter is now ripe for adjudication.

**B. Ground Alleged**

Winn asserts he is entitled to relief under 28 U.S.C. § 2254 because the Department of Corrections erroneously reactivated several of his completed or satisfied sentences. (Pet. at 4) [Doc. No. 1.]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C.A. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court... [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603,

610 n.4 (4th Cir. 1997). Winn's petition to the Supreme Court of Virginia for a writ of habeas corpus contained "essentially" the same claim raised in the present petition; therefore, Winn's ground meets the exhaustion requirement.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[1] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (*citing* H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

**C. Merits**

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits," *Wright v. Angelone*, 151 F.3d 151, 156-57 (4th Cir.1998).

The Supreme Court of Virginia, on September 15, 2009, decided Winn's petition for habeas corpus was frivolous. Because the Supreme Court of Virginia summarily rejected Winn's petition, this Court will conduct an independent review of the applicable law to determine whether Winn has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." *Bell v. Jarvis*, 236 F.3d at 162.

In his sole claim, Winn asserts "that [the Virginia Department of Corrections and the Virginia Parole Board] erroneously reactivated several completed or satisfied sentences without legal consent of [the] legislators, nor constitutional courts" (Pet. at 4). Winn also baldly asserts that the Supreme Court of Virginia erroneously denied his state habeas petition, but does not provide any explanation as to why or how. Respondent argues that Winn is factually and legally incorrect with respect to his claim. This is so because, (a) the Virginia Parole Board did not revoke any of Winn's Good Conduct Allowances (GCA), and (b) even if the Board were to have revoked Winn's GCA it would have been permitted to do so under Virginia Code Section 53.1-159. (Resp't Br. in Supp. Mot. to Dismiss at 4) [Doc. No. 12.]

At first glance, it appears there is a disconnect between Winn's allegation and the Attorney General's response. That is to say, Winn alleges that his sentences were "illegally" reactivated after they had been completed; (Pet., Ex. 1 at 36) meanwhile the Attorney General's Motion to Dismiss primarily addresses the computation of Winn's GCA (Resp't Br. Supp. Mot. to Dismiss at 12) [Doc. No. 12]. Nevertheless, the Attorney General does argue that Winn's remaining, physically-unserved, 11 year, 4 month, and 16 day sentence is accurate, and he cites the applicable law relevant

to conditional release and a prisoner's liberty interest.

Recalling the statute setting out the standard of review, this Court is not to upset the decision of the Supreme Court of Virginia unless it has reached a decision that was contrary to, or an unreasonable application of, clearly established federal law; or resulted in a decision that was based on an unreasonable determination of the facts. 28 U.S.C.A. § 2254(d)(1)-(2) (2010). The issue here, then, is whether it was an unreasonable application of federal law, or an unreasonable determination of the facts, for the Supreme Court of Virginia to dismiss Winn's petition which alleged reactivation of completed, or satisfied, sentences. For the following reasons, the Court believes the Supreme Court of Virginia did not err with respect to its application of federal law, or its determination of facts, and therefore recommends denying Winn's Petition for habeas relief.

First, the Court turns to the factual standard of review. Winn presents no evidence to suggest that his sentence summaries ("summaries") were "illegally" manipulated or sentences reactivated. While it is true there are pages of the summaries which indicate "completed sentence"(*see, e.g.*, Pet., Ex. 1 at 14, 16, 22 ) perhaps suggesting his term of imprisonment would be shortened, Winn does not account for or address, the various additional sentences which were imposed during his 19 years in and out of Virginia Department of Corrections' custody (*see, e.g.*, Resp't Br. Supp. Mot. to Dismiss, Ex. 3 at 11, 13-15) including additional time for multiple parole violations. Moreover, Wendy K. Brown, Manager of the Court and Legal Services Section for the Department of Corrections, stated in her affidavit that Winn's sentence time was computed accurately and reflected a term of 11 years, 4 months, and 16 days remaining to be served (Resp't Br. Supp. Mot. to Dismiss, Ex. 3 at 2). The allegation by Winn, that the Department of Corrections and Parole Board reactivated several completed or satisfied sentences, is unsubstantiated. The entirety of Winn's claim

is, "that they erroneosly reactivated several completed or satisfied sentences without legal consent . . . ." (Pet. at 4.) Manifestly omitted, is any indication of how, why, or to which sentences Winn is referring. Without more, Winn's allegation does not demonstrate an unreasonable determination of the facts, on the part of the Supreme Court of Virginia, in denying his petition. Therefore, this Court recommends denying the petition with respect to the Supreme Court of Virginia's factual determination in light of the evidence, as required by 28 U.S.C.A. § 2254(d)(2) (2010).

Second, the Court reviews the appropriateness of the Supreme Court of Virginia's application of federal law. That is, did the court misapply clearly established federal law in refusing to issue Winn a writ of habeas corpus? The answer again is no. It is important to keep in mind that Winn's federal petition claims an "erroneous reactivation" of previously completed sentences. (Pet. at 4.) Of course, as stated above, there is no factual support for the allegation that any completed sentence was "reactivated," thus the basis of Winn's claim is undermined. Instead, however, the Court will interpret Winn's claims as: a challenge to a series of sentences that were imposed as a result of his parole violations; and a challenge arguing that he was deprived of GCA -as he argued in his state habeas petition.

Importantly, there is no constitutional right to parole before the end of a valid sentence. *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979). Early, conditional, release from confinement to prison, prior to serving all of a sentence, is "a matter of legislative grace- it is neither a constitutionally guaranteed nor a God-given right." *Jones v. Rivers*, 338 F.2d 862, 874 (4th Cir. 1964). Consequently, "given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty," and would be required to serve all of the imposed sentence if not for the conditional system of parole created by the legislature. *Meachum v. Fano*, 427 U.S. 215, 224

(1976). A revocation of conditional release does not require the same due process safeguards as those invoked by the prospect of a term of imprisonment for an un-convicted defendant. *See Jones*, 338 F.2d at 874 ("The impact of a parole violation is upon a conditional personal liberty as distinguished from the impact of a criminal trial upon the liberty of one who may be deprived thereof only after full compliance with the constitutional requirements of due process."). Simply put, as a parolee, after a parole violation, Winn has no legal ground to challenge the re-instatement of sentences that were not completed or that were imposed as a result of the underlying parole violation. As such, the Winn has no constitutional right to challenge the result of his own conduct leading to the valid re-instatement of an active, physical, sentence.

Similarly, the liberty interest involved with the deprivation of GCA is non-existent. As analogized by the *Brown-El* court:

> when petitioner had violated his parole and, as a consequence, was incarcerated by the [Virginia Parole Board], it is much like the ticket purchaser being ejected from the theater for misbehavior. The ticket purchaser spent or "used up" his money to gain entry into the theater. His ejection from the theater for misbehavior in no way deprived him of the money he paid for the ticket. That money, like petitioner's good time credits, had already been spent to buy the right to enter the theater or in petitioner's case, the right to early release from prison.

*Brown-El, v. Va. Parole Bd.*, 948 F.Supp. 558, 560-61 (E.D.Va. 1996). Even if the Virginia Parole Board had revoked Winn's GCA, they would be entitled to do so because Winn has no due process right to an early release from prison.

Thus, because there was no showing that the Department of Corrections or the Virginia Parole Board "illegally reactivated" previously completed sentences, nor was there a showing that federal law was violated or misapplied, Winn has failed to overcome his burden. In short, Winn has

7

failed to show that the Supreme Court of Virginia reached a decision that was contrary to, or an unreasonable application of, clearly established federal law as required by 28 U.S.C. § 2254(d)(1) in order to prevail.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Winn's petition for a writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Winn's petition should be DENIED to the extent that it alleges a violation of due process with respect to the reactivation of a previously completed sentence, because he failed to show the Supreme Court of Virginia made a factual error or misapplied federal law.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 29, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Curtis L. Winn, #183765
James River Correctional Center
1954 State Road
State Farm, Virginia 23160

Richard Carson Vorhis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

April 22, 2010